|  |  | United States District Court<br>Northern District of Illinois |
|---|---|---|
| KSURE NEW YORK CORPORATION | ) |  |
| Plaintiff, | ) |  |
| -against- | ) |  |
| RICHMOND CHEMICAL CORPORATION | ) |  |
| Defendant. | ) |  |

## COMPLAINT

Ksure New York Corporation ("Plaintiff"), by and through its undersigned counsel, hereby sues Richmond Chemical Corporation ("Defendant" or "RCC") and alleges:

## NATURE OF THE ACTION

1. Plaintiff seeks money damages against Defendant for breach of contract, arising out of Defendant's failure to make payments pursuant to a settlement agreement with Plaintiff arising from chemicals purchased by Defendant, and alternatively, for unjust enrichment.

## THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 460 Park Avenue, 11th Floor, New York, New York 10022. Plaintiff is a representative office of Korea Trade Insurance Corporation, an agency of the government of South Korea ("Ksure"), which provides export credit insurance to companies of the Republic of South Korea.

3. Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2210 Midwest Road, Oak Brook,

1

DuPage County, Illinois, 60523. Defendant as part of its business purchases chemicals used in the manufacture of pharmaceutical products.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

5. Venue is proper in the United States District Court, Northern District of Illinois under 28 U.S.C. § 1391 (a) and (c) because Defendant has its principal place of business, at all times relevant to this action, and the substantial part of the events or omissions giving rise to the claim occurred in this district.

## COUNT I

## BREACH OF CONTRACT

6. Between December 2010 and May 2011, RCC purchased from Hyosung Corporation, a company of the Republic of South Korea ("Hyosung"), various chemicals (the "Chemicals") in the amount of $334,280.00, as reflected on ten invoices (the "Invoices").

7. Hyosung insured the sale of the Chemicals to RCC and payment of the Invoices with Ksure, through an export credit insurance policy (the "Policy").

8. Subsequent to purchasing the Chemicals, RCC paid to Hyosung $65,321.60 against the Invoices, leaving a principal outstanding balance of $268,958.60.

9. Thereafter, RCC failed to make any additional payments and Hyosung made a claim under the Policy with Ksure.

2

10. On September 27, 2011, pursuant to the Policy, Hyosung assigned to Ksure all rights to the Invoices.

11. Between January 2012 and August 2012, Ksure and RCC, through its respective counsel, entered into extensive communications concerning the resolution of the outstanding amount owed pursuant to the Invoices.

12. On April 13, 2012, Ksure, through its counsel, and after negotiations with RCC's counsel, forwarded by email an agreement (the "Settlement Agreement") to RCC's counsel, which provided for payment of the outstanding amount of $268,958.60, to be paid over 24 consecutive monthly payments with payments commencing on May 1, 2012. The Settlement Agreement is attached hereto as Exhibit 1.

13. On April 17, 2012, RCC's counsel, by email, confirmed that RCC was agreeable to the terms of the Settlement Agreement and that an executed copy of the Settlement Agreement would be sent to Ksure's counsel when Defendant's counsel, "return[ed] to [his] office." RCC's email is attached hereto as Exhibit 2.

14. As Ksure's counsel never received an executed copy of the Settlement Agreement, he continued his communications with RCC's counsel urging that the Settlement Agreement be signed and the first check be sent.

15. On May 23, 2012, RCC's counsel requested that Ksure first send the Settlement Agreement signed by Ksure to RCC, and that upon receipt, RCC would sign the Settlement Agreement.

16. On May 30, 2012, Ksure's counsel informed RCC's counsel that Ksure was agreeable to signing the Settlement Agreement first, and proposed revising the

date of the initial payment to June 1, 2012 (instead of May 1, 2012 as previously provided for).

17. On June 4, 2012, RCC's counsel again confirmed to Ksure's counsel that RCC was agreeable to the terms of the Settlement Agreement, including the revised date for the first payment and promised payment upon receipt of the Settlement Agreement signed by Ksure.

18. On June 6, 2012, per RCC's counsel's request, Ksure's counsel sent to RCC a revised settlement agreement (the "Revised Settlement Agreement"), which included the same terms as the Settlement Agreement; however, updated the payment terms to provide that payments would now consist of 23 consecutive monthly payments (instead of 24 payments as previously provided for) and would commence on June 15, 2012, as both previously established dates for the commencement of payments had passed. The Revised Settlement Agreement is attached hereto as Exhibit 3.

19. Thereafter, RCC, by letter from its counsel, confirmed its agreement to the terms of the Revised Settlement Agreement by sending to Ksure's counsel, three checks, each in the amount of $11,799.53, and totaling $35,398.59, which was the amount owed under the first three installments of the Revised Settlement Agreement. RCC's counsel's letter is attached hereto as Exhibit 4.

20. The three checks cleared and reduced the balance owed by $35,398.59.

21. RCC failed to pay any of the additional installments provided for in the Revised Settlement Agreement, and there is currently an outstanding principal balance owed of $233,560.01.

22. Pursuant to paragraph 2 of the Revised Settlement Agreement, Ksure is entitled to interest at the rate of 5% per annum on the unpaid balance, commencing on June 15, 2012, until the date of RCC's full payment of the amount owed under the Revised Settlement Agreement.

23. Pursuant to paragraph 6 of both the Revised Settlement Agreement, in addition to the interest owed, Ksure is entitled to default interest at the rate of 10% per annum, from the date of default of the Revised Settlement Agreement until the date of Defendant's full payment of the amount owed under the Revised Settlement Agreement.

24. Pursuant to paragraph 6 of the Revised Settlement Agreement, Ksure is also entitled to attorney's fees of 10% of the principal balance owing at the time of default, which is $23,356.00.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant Richmond Chemical Corporation in the amount of $233,560.01; attorney's fees of $23,356, pursuant to the Revised Settlement Agreement; interest of 5% per annum from the date of default of the Revised Settlement Agreement to the date of satisfaction; default interest of 10% per annum from the date of default to the date of satisfaction of the Revised Settlement Agreement; post judgment interest at the statutory rate, costs, and such other relief this court deems just.

**COUNT II**

**UNJUST ENRICHMENT**

25.     Plaintiff repeats and realleges each allegation in paragraphs "1" through "24" of the complaint as if fully set forth at length herein.

26.     Around and between December 2010 through May 2011, Hyosung sold and delivered to RCC, and RCC accepted and retained the Chemicals, and at the agreed price and reasonable value of $334,280.00.

27.     Subsequently, and prior to September 27, 2011, RCC paid $65,321.60 to Hyosung, leaving an outstanding principal balance owed of $268,958.60.

28.     On or about July 29, 2012, RCC paid $35,398.59 to Ksure, as assignee of Hyosung, leaving an outstanding principal balance owed of $233,560.01.

29.     Hyosung has conferred a benefit upon RCC in the amount of $233,560.01, and as assignee of Hyosung.

30.     Ksure, has made demand upon RCC for the principal balance due of $233,560.01, but Defendant refuses and fails to make payment.

31.     RCC has retained the Chemicals and has made not additional payment to Ksure in consideration for the Chemicals and it is inequitable for RCC to retain such benefit.

32.     Ksure, as assignee of Hyosung, is entitled to reasonable consideration from RCC for the benefit which Ksure's assignor, Hyosung, conferred on RCC.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant Richmond Chemical Corporation in the amount of $233,560.01, and costs, and such other relief this court deems just.

6

DATED:    Chicago, IL
November 29, 2012

        KSURE NEW YORK CORPORATION

        _____/s/ Mark E. Abrams_____
Mark E. Abrams, Esq.
Abrams & Abrams, P.C. (6208360)
180 W. Washington St., Suite 910
Chicago, IL 60602
Tel: 312-641-6111
Fax: 312-641-6317
Email: Abramspc@aol.com
*Attorney for Plaintiff Ksure New York Corporation*