```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

KSURE NEW YORK CORPORATION,   )
                              )
            Plaintiff,        )
                              )
     v.                       )    No.  12 C 9536
                              )
RICHMOND CHEMICAL CORPORATION,)
                              )
            Defendant.        )

MEMORANDUM ORDER

Richmond Chemical Corporation ("Richmond") has filed its Answer to the Complaint brought against it by Ksure New York Corporation ("Ksure"). This memorandum order is issued sua sponte because of problematic aspects of that responsive pleading.

To begin with, Richmond's counsel has made liberal use of the disclaimer provisions of Fed. R. Civ. P. ("Rule") 8(b)(5), by which a defendant gets the benefit of a deemed denial of a plaintiff's allegations by stating that the pleader "lacks knowledge or information sufficient to form a belief about the truth of an allegation." But a review of those disclaimers suggests that a number are lacking in the "plausibility" that the Twombly-Iqbal canon demands of complaints and that, under the circumstances here, should apply as well to defendant Richmond's responsive pleading (in that regard, its counsel must also remember the requirement of Rule 11(b) that all filings by litigants must be made in both objective and subjective good

faith).

It is not the responsibility of this Court to itemize for Richmond's counsel all of the respects in which the Answer poses those problems or, as a review of the Answer's provisions reveals, like problems that it presents as to the bona fides of some flat-out denials--it is, after all, counsel's job and not that of this Court to take care that formulaic recitals do not substitute for careful analysis. But some examples from a number of early paragraphs of the Answer should be illustrative of the reexamination that will be required in drafting the Amended Answer called for here:

> 1. Although Richmond admits in Answer ¶6 that it purchased chemicals from Hyosung Corporation ("Hyosung") as Ksure alleges,[1] it then invokes Rule 8(b)(5) as to the amount of those purchases. That is difficult to square with Complaint ¶6's references to that total amount "as reflected on ten invoices." Does Richmond really disclaim that it has any information about the invoices from its seller in connection with its purchases?
>
> 2. Answer ¶8 similarly disclaims the Ksure allegation as to the amount of Richmond's partial payment to Hyosung and the balance of its purchase price remaining unpaid.

---

[1] Richmond's counsel hiccuped on this one by stating "Plaintiff admits," though he obviously intended to say "Defendant admits."

3. After denying in Answer ¶11 that its counsel and Ksure's counsel "entered into extensive communications concerning the resolution of the outstanding amount owed pursuant to the Invoices," its Answer ¶12 disclaims the transmittal to its counsel of a proposed Settlement Agreement (Complaint Ex. 1)--but Complaint Ex. 2 reproduces an email exchange between counsel for the parties that directly supports the Complaint ¶12 allegations. In that respect, Answer ¶13 denies outright the corresponding allegations of the Complaint as to the Ex. 2 Settlement Agreement.

As stated earlier, this memorandum order could go on with further examples, but suffice it to say that Richmond's Answer is sufficiently suspect overall for it to be stricken in favor of a second effort by its counsel, and this Court so orders. There may of course be more here than meets the eye, and if so an explanation by Richmond's counsel is very much in order. Richmond's counsel is granted leave to file either such an explanation or an appropriate self-contained Amended Answer on or before January 28, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 16, 2013