**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KSURE NEW YORK CORPORATION, | CASE NO. 1:12-cv-09536 |
| Plaintiff, | Judge: Hon. Milton I. Shadur |
| v. | |
| RICHMOND CHEMICAL CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT'S AMENDED ANSWER TO PLAINITFF'S COMPLAINT

Defendant, RICHMOND CHEMICAL CORPORATION ("Richmond"), by and through its undersigned counsel, pursuant to this Court's Memorandum Order January 16, 2013, and for its Amended Answer to the Complaint of Plaintiff, KSURE NEW YORK CORPORATION, states as follows:

1. Plaintiff seeks money damages against Defendant for breach of contract, arising out of Defendant's failure to make payments pursuant to a settlement agreement with Plaintiff arising from chemicals purchased by Defendant, and alternatively, for unjust enrichment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint (the "Complaint").

2. Plaintiff is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 460 Park Avenue, 11th Floor, New York, New York 10022. Plaintiff is a representative office of Korea Trade Insurance Corporation, an agency of the government of South Korea ("Ksure"), which provides export credit insurance to companies of the Republic of South Korea.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 2210 Midwest Road, Oak Brook, DuPage County, Illinois, 60523. Defendant as part of its business purchases chemicals used in the manufacture of pharmaceutical products.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. The Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Venue is proper in the United States District Court, Northern District of Illinois under 28 U.S.C. § 1391 (a) and (c) because Defendant has its principal place of business, at all times relevant to this action, and the substantial part of the events or omissions giving rise to the claim occurred in this district.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## COUNT I

## BREACH OF CONTRACT

6. Between December 2010 and May 2011, RCC purchased from Hyosung Corporation, a company of the Republic of South Korea ("Hyosung"), various chemicals (the "Chemicals") in the amount of $334,280.00, as reflected on ten invoices (the "Invoices").

**ANSWER:** Defendant admits that it purchased chemicals from Hyosung Corporation between December 2010 and May 2011, and that ten invoices from Hyosung Corporation to RCC state a combined price of $334,280.00. Defendant denies that the actual price of the chemicals it purchased was $334,280.00.

7. Hyosung insured the sale of the Chemicals to RCC and payment of the Invoices with Ksure, through an export credit insurance policy (the "Policy").

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Subsequent to purchasing the Chemicals, RCC paid to Hyosung $65,321.60 against the Invoices, leaving a principal outstanding balance of $268,958.60.

**ANSWER:** Defendant admits that it made payments to Hyosung in the amount of $65,321.60. Defendant denies that that amount as applied to the Invoices left a principal outstanding balance of $268,958.60.

9. Thereafter, RCC failed to make any additional payments and Hyosung made a claim under the Policy with Ksure.

**ANSWER:** Defendant admits that after paying $65,321.60, it discontinued payments to Hyosung. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint.

10. On September 27, 2011, pursuant to the Policy, Hyosung assigned to Ksure all rights to the Invoices.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Between January 2012 and August 2012, Ksure and RCC, through its respective counsel, entered into extensive communications concerning the resolution of the outstanding amount owed pursuant to the Invoices.

**ANSWER:** Defendant admits that it participated in communications with Ksure relating to the resolution of outstanding amount that Ksure claimed

Defendant owed. Defendant denies that it entered those communications in January 2012.

12. On April 13, 2012, Ksure, through its counsel, and after negotiations with RCC's counsel, forwarded by email an agreement (the "Settlement Agreement") to RCC's counsel, which provided for payment of the outstanding amount of $268,958.60, to be paid over 24 consecutive monthly payments with payments commencing on May 1, 2012. The Settlement Agreement is attached hereto as Exhibit 1.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12 of the Complaint, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation as to the date upon which Ksure's counsel sent the email.

13. On April 17, 2012, RCC's counsel, by email, confirmed that RCC was agreeable to the terms of the Settlement Agreement and that an executed copy of the Settlement Agreement would be sent to Ksure's counsel when Defendant's counsel, "return[ed] to [his] office." RCC's email is attached hereto as Exhibit 2.

**ANSWER:** Defendant admits that RCC's counsel confirmed in an email message that RCC's counsel was agreeable to the proposed Settlement Agreement in the email message at Exhibit 2 to the Complaint. Defendant denies that RCC's counsel confirmed that RCC was agreeable to the terms of the proposed Settlement Agreement in that email message.

14. As Ksure's counsel never received an executed copy of the Settlement Agreement, he continued his communications with RCC's counsel urging that the Settlement Agreement be signed and the first check be sent.

**ANSWER:** Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. On May 23, 2012, RCC's counsel requested that Ksure first send the Settlement Agreement signed by Ksure to RCC, and that upon receipt, RCC would sign the Settlement Agreement.

4

>  **ANSWER:** Defendant admits RCC's counsel requested that Ksure forward a Settlement Agreement signed by Ksure. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation relating to the date of that communication. Defendant denies that upon receipt, RCC would sign the Settlement Agreement.

16. On May 30, 2012, Ksure's counsel informed RCC's counsel that Ksure was agreeable to signing the Settlement Agreement first, and proposed revising the date of the initial payment to June 1, 2012 instead of May 1, 2012 as previously provided for.

> **ANSWER:** Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. On June 4, 2012, RCC's counsel again confirmed to Ksure's counsel that RCC was agreeable to the terms of the Settlement Agreement, including the revised date for the first payment and promised payment upon receipt of the Settlement Agreement signed by Ksure.

> **ANSWER:** Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. On June 6, 2012, per RCC's counsel's request, Ksure's counsel sent to RCC a revised settlement agreement (the "Revised Settlement Agreement"), which included the same terms as the Settlement Agreement; however, updated the payment terms to provide that payments would now consist of 23 consecutive monthly payments (instead of 24 payments as previously provided for) and would commence on June 15, 2012, as both previously established dates for the commencement of payments had passed. The Revised Settlement Agreement is attached hereto as Exhibit 3.

> **ANSWER:** Defendant denies that RCC's counsel asked Ksure's counsel to send a Revised Settlement Agreement directly to RCC. Defendant lacks information knowledge or information sufficient to form a belief as to truth of the allegation as to the date upon which Ksure's counsel sent a Revised Settlement Agreement to RCC's counsel. Defendant admits the remaining allegations contained in Paragraph 18 of the Complaint.

19. Thereafter, RCC, by letter from its counsel, confirmed its agreement to the terms of the Revised Settlement Agreement by sending to Ksure's counsel, three checks, each in the amount of $11,799.53, and totaling $35,398.59, which was the amount owed under the first three installments of the Revised Settlement Agreement. RCC's counsel's letter is attached hereto as Exhibit 4.

**ANSWER:** Defendant admits that its counsel forwarded three checks, each in the amount of $11,799.53, and totaling $35,398.59, with the letter attached at Exhibit 4 to the Complaint. Defendant denies that the letter at Exhibit 4 confirms RCC's agreement to the Revised Settlement Agreement.

20. The three checks cleared and reduced the balance owed by $35,398.59.

**ANSWER:** Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. RCC failed to pay any of the additional installments provided for in the Revised Settlement Agreement, and there is currently an outstanding principal balance owed of $233,560.01.

**ANSWER:** Defendant admits that it did not pay additional amounts after July 23, 2012. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Pursuant to paragraph 2 of the Revised Settlement Agreement, Ksure is entitled to interest at the rate of 5% per annum on the unpaid balance, commencing on June 15, 2012, until the date of RCC's full payment of the amount owed under the Revised Settlement Agreement.

**ANSWER:** Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Pursuant to paragraph 6 of both the Revised Settlement Agreement, in addition to the interest owed, Ksure is entitled to default interest at the rate of 10% per annum, from the date of default of the Revised Settlement Agreement until the date of Defendant's full payment of the amount owed under the Revised Settlement Agreement.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Pursuant to paragraph 6 of the Revised Settlement Agreement, Ksure is also entitled to attorney's fees of 10% of the principal balance owing at the time of default, which is $23,356.00.

**ANSWER:** Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT II

## UNJUST ENRICHMENT

25. Plaintiff repeats and realleges each allegation in paragraphs "1" through "24" of the complaint as if fully set forth at length herein.

**ANSWER:** Defendant repeats and realleges each of its answers to paragraphs "1" through "24" of the Complaint as if fully set forth at length herein.

26. Around and between December 2010 through May 2011, Hyosung sold and delivered to RCC, and RCC accepted and retained the Chemicals, and at the agreed price and reasonable value of $334,280.00.

**ANSWER:** Defendant admits that it purchased chemicals from Hyosung Corporation between December 2010 and May 2011, and that Hyosung claimed that the price for them was $334,280.00. Defendant denies that it agreed to the price of $334,280.00.

27. Subsequently, and prior to September 27, 2011, RCC paid $65,321.60 to Hyosung, leaving an outstanding principal balance owed of $268,958.60.

**ANSWER:** Defendant admits that it made payments to Hyuosong prior to September 27, 2011 in the amount of $65,321.60. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. On or about July 29, 2012, RCC paid $35,398.59 to Ksure, as assignee of Hyosung, leaving an outstanding principal balance owed of $233,560.01.

7

**ANSWER:** Defendant admits that paid $35,398.59 to Ksure on or about July 29, 2012. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Hyosung has conferred a benefit upon RCC in the amount of $233,560.01, and as assignee of Hyosung.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Ksure, has made demand upon RCC for the principal balance due of $233,560.01, but Defendant refuses and fails to make payment.

**ANSWER:** Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. RCC has retained the Chemicals and has made not additional payment to Ksure in consideration for the Chemicals and it is inequitable for RCC to retain such benefit.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Ksure, as assignee of Hyosung, is entitled to reasonable consideration from RCC for the benefit which Ksure's assignor, Hyosung, conferred on RCC.

**ANSWER:** Defendant lacks information knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 32 of the Complaint.

                Respectfully submitted,

                RICHMOND CHEMICAL
**DATED:** January 28, 2013        CORPORATION,


                By: /s/ Paul Duffy
                  One of its attorneys


Paul Duffy, Esq.
Duffy Law Group
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136


## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on January 28, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

                /s/ Paul Duffy
                Paul Duffy