**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KSURE NEW YORK CORPORATION

        Plaintiff,

v.

RICHMOND CHEMICAL CORPORATION,

        Defendant.

CASE NO. 1:12-cv-09536

Judge: Hon. Milton I. Shadur

Magistrate Judge:  Hon. Young B. Kim

**DEFENDANT'S EMERGENCY MOTION TO CONTINUE HEARING**
**ON CITATION TO DISCOVER ASSETS**

Defendant/Judgment Debtor, RICHMOND CHEMICAL CORPORATION ("Richmond"), by and through its undersigned counsel, as and for its Emergency Motion To Continue Hearing On Citation To Discover Assets, states as follows:

1.     Plaintiff/Judgment Creditor KSURE NEW YORK CORPORATION ("Ksure") served a citation to discover assets ("Citation") upon Richmond on or about October 3, 2013.  The Notice for the Citation purports to direct the President and CEO of Richmond, Sunil K. Srivastava, to appear at the Citation hearing which Ksure noticed for October 16, 2013.

2.     Undersigned counsel promptly informed counsel for Ksure that Mr. Srivastava was, and would be on October 16, out of the country and unavailable to appear in person in court on October 16.  Mr. Srivastava has advised the undersigned that he is presently in South Korea conducting business on behalf of Richmond, and is not able to return until the week of October 21, 2013.

1

3.      Furthermore, Ksure's Citation seeks a vast amount of information relating to Richmond, touching every area of its business, including information that Richmond has closely and carefully held for years as confidential and trade secret information.  (A true and correct copy of the Citation Rider is attached at ***Exhibit "A"*** hereto and made a part hereof.)  The sheer scope and volume of the information sought has made it impracticable for Richmond, and in particular Mr. Srivastava who has been out of the United States for virtually all of the past two weeks, to compile for production compile and produce to Ksure.

4.      As a consequence, Richmond has not been able to compile the information sought from it in the Citation and Mr. Srivastava is not physically able to be present at the hearing set for October 16, 2013.  Richmond will require additional time to both compile the information requested, and to protect the confidentiality of the information through a confidentiality agreement with Ksure or the entry of a protective order with the Court.

5.      Richmond's counsel informed Ksure's counsel that Mr. Srivasstava was and continues to be out of the country, and that he would be physically unavailable to personally attend the hearing noticed for October 16, 2013.  Counsel for Ksure proposed that if Richmond produced the documents requested in Paragraphs 1, 2 and 12 of the Citation, Ksure would agree to continue the hearing voluntarily.  Counsel for Ksure also generally agreed to enter into a confidentiality agreement, but only with significant "carve-outs" allowing it to disclose such information for purposes of satisfaction of the judgment.

6.      Richmond on October 14 and 15 produced some information called for in those paragraphs to counsel for Ksure.  Counsel for Ksure indicated that the documents produced did not include all those called for in the three enumerated paragraphs and further threatened to

immediately seek contempt sanctions against Richmond and Mr. Srivastava if they did not immediately produce all the documents.

7.      Under the circumstances, Richmond respectfully requests that the Court continue the hearing on the Citation for a period of fourteen (14) days in order to allow for it to comply with the Citation, and to allow Mr. Srivastava to appear in person.  Richmond brings this motion on an emergency basis because, until October 15, 2013, it believed that it would be able to produce the documents called for in paragraphs 1, 2 and 12 and thus meet the condition precedent for the agreement to continue the Citation hearing.  Due to the inaccessibility of Mr. Srivastava and the unavailability of Richmond personnel in the United States to compile the documents requested; the Federal Bank holiday on October 14; and the unavailability of Richmond's outside accountants due to the Federal Income Tax filing deadline of October 15, Richmond as of the date hereof has been unable to fully produce documents called for in paragraphs 1, 2 and 12, or of the remainder of the exceedingly broad categories listed in the Citation.

8.      Richmond has not, as of yet, interposed specific objections to information called for in the Citation, and generally agrees to produce it to the extent it is not objectionable.. Richmond's request arises solely from (i) the impracticability of producing the documents under the time and personnel constraints referenced herein; and (ii) the need for either a confidentiality agreement with Ksure, or a protective order with the Court, to protect the trade secrets contained the information sought. Indeed, Ksure is seeking very highly confidential information about Richmond's customers, finances, business dealings, trade secrets, technical formulations and other information that, if available to competitors, could severely undermine its business. Richmond requests a reasonable opportunity to protect such information from disclosure in

publicly-available filings through agreement with Ksure to a confidentiality agreement entry of a protective order.

9. Richmond does not bring this for purposes of undue delay. Ksure provided less than two weeks from the date of service of the Citation to the hearing date. Mr. Srivastava was traveling outside of the United States transacting business for Richmond virtually that entire time, and simply requests a reasonable amount of time to compile the vast amount of information that Ksure seeks. Richmond further believes that the continuation of the Citation hearing will not cause prejudice to Ksure, because protections that arise by operation of service of the Citation will remain in place during the requested continuance. Furthermore, granting the continuance will promote the interests of judicial economy, by avoiding contempt proceedings while allowing a reasonable opportunity to produce the documents requested.

WHEREFORE, for all of the foregoing reasons, Defendant/Judgment Debtor Richmond Chemical Corporation respectfully requests that the Court enter an Order extending the time for it to respond and appear at the hearing on the Citation until October 30, 2013; and for any and all further relief that the Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

RICHMOND CHEMICAL CORPORATION,

**DATED:** October 15, 2013

By:＿＿＿/s/ Paul Duffy＿＿＿＿＿＿＿＿
       One of its attorneys

Paul Duffy, Esq.
Duffy Law Group
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
Telephone: (312) 952-6136

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 15, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rule 5.2(a).

/s/ Paul Duffy
Paul Duffy